UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-cv-00590-JHM

EQUAL EMPLOYMENT OPPORTUNITY	PLAINTIFF
COMMISSION

V.

INDI'S FAST FOOD RESTAURANT, INC.,	DEFENDANTS
AND EVANCZYK BROTHERS, LLC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DN 35], Defendants' Motion for Leave to File a Reply Brief Outside of the Authorized Time Period [DN 44], and Plaintiff's Motion to Strike [DN 65]. Fully briefed, these matters are ripe for decision.

### I. MOTION TO DISMISS

**A. Background**

Plaintiff filed its Second Amended Complaint [DN 29] on or about September 6, 2016 alleging claims under Title I of the Civil Rights Act of 1991. Prior to the institution of the instant action, Rickesha L. Jones filed a charge with Plaintiff, the Equal Employment Opportunity Commission, alleging violations of Title VII by her employer, Defendant Indi's Fast Food Restaurant, Inc. (hereinafter "Indi's Restaurant"). (Second Am. Comp. [DN 29] ¶ 8.) Beginning at the latest in 2011, Plaintiff alleges that Defendant Indi's Restaurant "has engaged in unlawful employment practices at its Louisville, Kentucky restaurants in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Jones and a class of similarly situated female employees to a hostile work environment created by male manages." (Id. ¶ 14.) The male managers, while in positions of authority, allegedly subjected female employees to sexual touching, sexual comments, and requests for sexual favors. (Id. at ¶¶ 15–16.)

Plaintiff purports that Defendant Indi's Restaurant knew or should have known about these unlawful employment practices because despite Jones and other similarly situated female employees complaining about the hostile work environment, the male managers' conduct allegedly occurred on a frequent and routine basis. (Id. ¶ 17.) However, Defendant allowed this conduct to persist. (Id. ¶ 18.) Plaintiff additionally alleges that this conduct deprived Jones and other similarly situated female employees of equal employment opportunities, adversely affected their status as employees, was intentional, and was done with malice or reckless indifference. (Id. ¶ 19.)

As a result of these complaints, on or about June 9, 2015, Plaintiff sent Defendant Indi's Restaurant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII when Jones and a class of similarly situated female employees were subject to a sexually hostile work environment. (Id. ¶ 9.) Plaintiff invited Defendant to participate in informal conciliation methods in an effort "to eliminate the unlawful employment practices and provide appropriate relief." (Id.) That same day, Plaintiff mailed Defendant Indi's Restaurant a conciliation agreement as well. (Id. ¶ 10.) Defendant Indi's Restaurant informed Plaintiff on or about June 17, 2015 that it would not offer a counter to the proposed conciliation agreement or otherwise engage in conciliation. (Id. ¶ 11.) Later that day, Plaintiff issued a Notice of failure of Conciliation to Defendant Indi's Restaurant memorializing their inability to come to a conciliation agreement. (Id. ¶ 12.)

Because of this inability to come to an agreement, Plaintiff filed suit in this Court originally against Defendant Indi's Restaurant. (Compl. [DN 1] at 1.) Later, Plaintiff added Defendant Evanczyk Brothers, LLC in the Second Amended Complaint and asserted similar claims against both Defendants. (Second Am. Comp. [DN 29] at 1.) Plaintiff alleges that

Defendants together "have operated as a single employer and/or integrated enterprise" because of several factors indicating an interrelated enterprise. (Id. ¶ 6; Resp. [DN 38] at 3–4.)

On or about September 29, 2016, Defendants filed their joint Motion to Dismiss denying these contentions and maintaining that the two Defendants operated distinct business entities and did not function as a single employer or integrated enterprise. (Mot. Dismiss [DN 35] ¶¶ 13–14.) Defendants do not specify the grounds on which they base their Motion to Dismiss; however, the Court will assume Defendants' Motion is premised upon Fed. R. Civ. P. 12(b)(6) for Plaintiff's "failure to state a claim upon which relief can be granted."

### B. Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

### C. Discussion

Defendants seek dismissal presumably under Rule 12(b)(6) because they insist that they did not operate together as a "single employer" or an "integrated enterprise," as they were both "completely separate corporations." (Mot. Dismiss [DN 25] ¶ 13.)  Plaintiff contends that Defendants' Motion should be denied because Defendants did in fact operate together, or, alternatively that dismissal at this stage is inappropriate because the relationship between the Defendant entities can only be determined through discovery. (Resp. [DN 38] at 3–4.)

At issue is whether Plaintiff has sufficiently pled facts to plausibly give rise to a cause of action against Defendant Indi's Restaurant and Defendant Evanczyk Brothers under the "single employer" or "integrated enterprise" doctrine.  The "single employer" or "integrated enterprise"

doctrine allows two companies to be deemed "interrelated that they constitute a single employer subject to liability." Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993 (6th Cir. 1997); see Gray v. McDonald's USA, LLC, 874 F. Supp. 2d 743, 749 (W.D. Tenn. 2012) (applying Swallows to Title VII); Sanford v. Main St. Baptist Church Manor, Inc., No. CIV.A. 06-187-KSF, 2009 WL 4167938, at *6 (E.D. Ky. Nov. 20, 2009) (same), aff'd in part, rev'd in part, 449 F. App'x 488 (6th Cir. 2011).[1]  In making this determination, the Court will consider four separate factors: "(1) interrelation of operations, i.e. common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." Swallows, 128 F.3d at 993 (citing York v. Tennessee Crushed Stone Ass'n, 684 F.2d 360, 362 (6th Cir. 1982)).  Although the Court may consider all of the factors, "[n]one of these factors is conclusive, and all four need not be met in every case." Id. (citing Armbruster v. Quinn, 711 F.2d 1332, 1337–38 (6th Cir. 1983), abrogated on different grounds by Arbaugh v. Y & H Corp., 546 U.S. 500 (2006)).  With that said, "control over labor relations is a central concern." Id. (citing Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996); Frank v. U.S. West, Inc., 3 F.3d 1357, 1363 (10th Cir. 1993); Rogers v. Sugar Tree Prod., Inc., 7 F.3d 577, 582 (7th Cir. 1993); Armbruster, 711 F.2d at 1337; Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983)).

First, to demonstrate the operations of Defendant Indi's Restaurant and Defendant Evanczyk Brothers are interrelated, Plaintiff alleges the two entities share a central business office, (Second Am. Compl. [DN 29] ¶ 6(e)), utilize the same advertising logo, (Id. ¶ 6(f)), and conduct business in the same office space in Louisville, Kentucky, (Resp. [DN 38] at 5.).

---

[1] "'Because Title VII, the ADEA, and the ADA define employer essentially the same way,' [the Sixth Circuit relies] on case law developed under all three statutes." Swallows, 128 F.3d at 993 n. 2 (6th Cir. 1997) (citing Wathen v. Gen. Elec. Co., 115 F.3d 400, 404 n. 6 (6th Cir. 1997)).

5

Defendants contend that they each have separate business addresses: Defendant Indi's Restaurant Fast Food Inc.'s central business office is located in the same building as its Third Street restaurant in Louisville, Kentucky, and Defendant Evanczyk Brothers, LLC's central business office is located in its Jeffersonville, Indiana restaurant.[2] Though the parties debate whether the two Defendants share a corporate office, Defendants concede that they "utilize the same logo, sell the same type of fast food, use similarly worded employee handbooks, and utilize similar advertising techniques." (Mot. Dismiss [DN 35] ¶ 14.) While not wholly determinative, these parallels show that there may be common or interrelated aspects to their operations under the first prong of the Swallows test.

Under prongs two and four, Plaintiff has alleged that Murchison Thomas owns Indi's Fast Food Restaurant, Inc., and Alexander Evanczyk and Indira Evanczyk own Evanczyk Brothers, LLC. (Second Am. Compl. [DN 29] ¶ 6(a), (b)). However, while Alexander Evanczyk is the sole director of Evanczyk Brothers, LLC, both Alexander and Indira Evanczyk are directors of Indi's Fast Food Restaurant, Inc. (Id. ¶ 6(c), (d)). Though Defendants maintain that ownership is separate as Plaintiff has contended, Defendants concede that Alexander Evanczyk was listed as secretary of Indi's Fast Food Restaurant, Inc.'s annual reports. (Mot. Dismiss [DN 35] ¶ 4.) Specifically, Alexander Evanczyk was listed as secretary in 2015 and 2016, and Indira Evanczyk was listed as a director from 2014 to 2016. (Resp. [DN 38] at 5.) Further, Alexander Evanczyk

---

[2] Plaintiff posits that the owner of Defendant Indi's Restaurant, Murchison Thomas, testified to the fact one of the two owners of Defendant Evancyzk Brothers, Alexander Evancyzk, "does not have his own business office, but rather conducts business related to the Indiana restaurant out of Indi's Fast Food Restaurant, Inc.'s business office on Third Street in Louisville, Kentucky," and that Alexander is a "manager of both entities." (Pl.'s Resp. [DN 38] at 5.) Plaintiffs contend that this lends support to the first prong. However, the Court is limited "to the facts and legal claims as raised in the pleadings," rather than in any supporting evidence outside of the pleadings. Johnson v. Metro. Gov't of Nashville & Davidson Cty., Tenn., 502 F. App'x 523, 541–42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")). Plaintiff and Defendants are free to address this contention through discovery and Plaintiff may utilize the cited deposition in a properly filed Motion for Summary Judgment under Fed. R. Civ. P. 56.

works as a full-time manager at Evanczyk Brothers, LLC, and a part-time manager of Indi's Fast Food Restaurants, Inc. (Id.; Mot. Dismiss [DN 35] ¶ 13.) With respect to factor two, the Court agrees with Plaintiff because Alexander and Indira Evanczyk's dual roles within both entities could plausibly demonstrate that there is common management. On the other hand, factor four could not be satisfied solely on this basis. In Swallows, the Sixth Circuit explained "[i]f neither of the entities is a sham then the fourth test is not met." 128 F.3d at 995. While Alexander Evanczyk may be in a management position in both entities, and Indira Evanczyk may also share ownership and directorial duties, there are no facts to support the conclusion that the entities themselves constitute a sham. Thus, while the second factor has been plausibly pled, the fourth has not.

Finally, with respect to the third factor, Plaintiff alleges there is centralized control of labor relations and personnel. In support of this allegation, Plaintiff states that both Indi's Fast Food Restaurant, Inc. and Evanczyk Brothers, LLC utilize the same sexual harassment policy. (Resp. [DN 38] at 4.) Defendants concede that both entities "utilized the same language for their separate sexual harassment policies" and "use similarly-worded employee handbooks." (Mot. Dismiss [DN 35] ¶ 7, 14.) This policy instructs employees of *both* entities to direct complaints to *either* Alexander Evanczyk *or* Murchison Thomas. (Resp. [DN 38] at 4.) Generally, centralized control of labor relations and personnel relates to the ability to "hire, fire, or discipline an employee." Gray, 874 F. Supp. 2d at 750; see Swallows, 128 F.3d at 995. Because these policies reflect that employees of both entities are able to report to common authority figures, who both appear authorized to take some employment action, Plaintiffs have pled facts that could support the determination of centralized labor relations.

7

Plaintiff appropriately asserts that without the benefit of discovery, the Court does not have all the information relative to the factors to be considered, as most integrated enterprise questions are answered at the summary judgment stage. "Consideration of such matters necessarily involves review of evidence, not just the face of the complaint." Jett v. Am. Nat. Red Cross, No. 1:11-CV-586-HJW, 2012 WL 4473153, at *3 (S.D. Ohio Sept. 26, 2012). However, "[c]onsidering the evidence put forth in support of all four factors as a whole, not just one or two factors in isolation," the Court concludes the Plaintiff's Second Amended Complaint has pled plausible facts sufficient to support Plaintiff's "single employer" or "integrated enterprise" theory in order to survive Defendants' Motion to Dismiss. E.E.O.C. v. Care Centers Mgmt. Consulting, Inc., 942 F. Supp. 2d 771, 779 (E.D. Tenn. 2013). Accordingly, the Court will deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II. MOTION FOR LEAVE

### A. Background

On or about July 21, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint [DN 24], in which Plaintiff added Defendant Evanczyk Brothers as a party. Finding that Defendant Indi's Restaurant "did not file a response or otherwise indicate opposition to Plaintiff's [M]otion," Magistrate Judge Lindsay granted Plaintiff's Motion for Leave [DN 28] and Plaintiff filed its Second Amended Complaint [DN 29] on September 6, 2016. Later that month, Defendant Indi's Restaurant and Defendant Evanczyk Brothers filed a joint Motion to Dismiss on or about September 29, 2016 [DN 35]. Plaintiff responded on October 18, 2016 [DN 38], and Defendants were to file any replies by November 4, 2016. Defendants failed to file a reply brief, and instead filed a Motion for Leave to File a Reply Brief Outside of the Authorized Period on December 5, 2016 [DN 44]. This Motion is now before the Court.

### B. Standard of Review

"When an act may or must be done within a specified time," Federal Rule of Civil Procedure 6(b)(1) permits the Court "for good cause" to extend the time: "(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Here, because Defendants filed their Motion for Leave after the original deadline for replies had expired, "the heightened standard in Rule 6(b)[(1)(B)] of the Federal Rules of Civil Procedure applies." Pogue v. Nw. Mut. Life Ins. Co., No. 3:14-CV-598-CRS-CHL, 2016 WL 3124649, at *4 (W.D. Ky. June 1, 2016).

The Sixth Circuit has set forth five factors district courts should balance in determining excusable neglect, which include: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In balancing these factors and determining whether a party failed to act because of excusable neglect, the Court exercises considerable discretion. Pogue, 2016 WL 3124649, at *4; see Evans v. Vinson, 427 F. App'x 437, 447 (6th Cir. 2011); Nafziger, 467 F.3d at 522.

### C. Discussion

Defendant Indi's Restaurant filed its short Motion for Leave on December 5, 2016 [DN 44]. This Motion was supported by one statement that Defendants' joint Motion to Dismiss was filed on September 29, 2016, and it "has not been adjudicated and evidence addressing this issue is still being adduced by discovery." (Mot. Leave [DN 44] at 1.) Defendant Indi's Restaurant

9

failed to provide the Court with any reasons as to why the Court should grant Defendants leave and failed to show why Defendant's failure to follow scheduling deadlines was a product of excusable neglect. However, in Defendant Indi's Restaurant's Response to Plaintiff's Motion to Strike [DN 47], Defendant attempts to explain its failure to timely file a Reply. Defendant explains that on December 5, 2016, defense counsel discovered that his legal assistant was removed from receiving copies of all Court-related notices and emails after July 1, 2016. (Resp. [DN 47] at 2.) Further, defense counsel realized on December 9, 2016 that he did not receive any Court-related notices or emails because they were all sent to his "junk mail" folder. (Id.) Defendant states that none of the pleadings, including Plaintiff's Motion for Leave to File a Second Amended Complaint [DN 24], the Court's Order granting Plaintiff's Motion for Leave [DN 28], and Plaintiff's Response to Defendants' Motion to Dismiss [DN 38], appeared in defense counsel's email, and defense counsel was not aware of these pleadings. (Id. at 2–3.)

"[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders . . . ." Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) (citing Kuhn v. Sulzer Orthopedics, Inc., 498 F.3d 365, 370–71 (6th Cir. 2007); Reinhart v. U.S. Dep't of Agric., 39 Fed. App'x 954, 956–57 (6th Cir. 2002)). And, "[n]ow that electronic dockets are widely available, the burden imposed by this affirmative duty is minimal. Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer." Id. (citing Kuhn, 498 F.3d at 371); see Fox v. Wofford, No. 5:14-CV-00231-TBR, 2016 WL 830065, at *2 (W.D. Ky. Mar. 3, 2016) (finding that a lack of diligence in monitoring the court's docket and remaining apprised of pleadings does not constitute excusable neglect).

Defense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do

here. Because Defendants can point to no actions constituting excusable neglect, the Court will deny their Motion for Leave.

### III. MOTION TO STRIKE

#### A. Background

Plaintiff's Motion to Strike asks the Court to strike docket numbers (hereinafter "DNs") 35 and 39 through 45 based on violations of the Federal Rules of Civil Procedure, Local Rules, and General Orders. DN 35 is Defendants' Motion to Dismiss, and DNs 39 through 42 are documents that Defendants' counsel refiled as DNs 43 through 45. DN 43 is Defendants' Motion for Extension of Time to File the Names of Witnesses and Exhibits by Defendant Indi's Fast Food Restaurant, Inc., DN 44 is Defendants' Motion for Leave to File a Reply Brief in Support of Defendants' Motion to Dismiss Outside of the Authorized Time Period, and DN 45 is Defendants' Reply Brief in Support of Defendants' Motion to Dismiss.

#### B. Standard of Review

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to avoid the expense of 'litigating spurious issues' by dispensing with them before trial." CWI, Inc. v. Smartdog Servs., LLC, No. 1:15-CV-00139-GNS, 2016 WL 2654085, at *3 (W.D. Ky. May 9, 2016) (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)). "When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party." Boultinghouse v. Herrington, No. 4:14-CV-00100-JHM, 2016 WL 324527, at *1 (W.D. Ky. Jan. 26, 2016) (citation omitted). Generally, striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be

stricken has no possible relation to the controversy[.]" Boultinghouse, 2016 WL 324527, at *1 (quoting Brown v. Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). Motions to strike under Rule 12(f) are committed to the sound discretion of the of the trial court. Masterson v. Xerox Corp., No. 3:13-CV-692-DJH, 2016 WL 4926439, at *5 (W.D. Ky. Sept. 14, 2016); Hashemian v. Louisville Reg'l Airport Auth., No. 3:09-CV-951-R, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013) (citing Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co., 961 F. Supp. 1078, 1083 (W.D. Mich. 1997), aff'd, No. 13-5743 (6th Cir. June 13, 2014).

### C. Discussion

With respect to DN 35, Defendants' Motion to Dismiss, Plaintiff contends that Defendants failed to include a supporting memorandum of law, proposed orders, and excerpts of referenced depositions in violation of Local Rule 7.1(a), (e), (h). (Mem. Supp. Mot. Strike [DN 46-1] at 1–2.) Despite these procedural deficiencies, Plaintiff was able to adequately respond to the Motion. The Court considered the merits above, taking into account Plaintiff's Response, and denied Defendants' Motion. As such, Plaintiff's Motion to Strike DN 35 is denied.

With respect to DNs 39 through 42, Plaintiff contends that defense counsel failed to sign the original filings in violation of Federal Rule of Civil Procedure 11 ("[t]he court must strike an unsigned paper"), Local Rule 5.1(a), and General Order 16-03(11)(b). (Id. at 3.) Because these docket entries have been corrected and refiled with the Court under different docket numbers, the Court will grant Plaintiff's Motion to Strike DNs 39 through 42, per Rule 11's mandate and because they are now immaterial to this action.

With respect to DN 43, Defendant's Motion for Extension of Time to File the Names of Witnesses and Exhibits for Defendant Indi's Fast Food Restaurant, Inc., Plaintiff asserts that the

certificate of service is defective pursuant to General Order 16-03(4)(i). (Id. at 1, 3.) However, Magistrate Judge Lindsay reviewed this Motion for Extension of Time and has denied that Motion as moot because Defendant Indi's Restaurant "filed those documents in compliance with the operative deadline of 12/16/2016." (Text Order [DN 53].) As such, Plaintiff's Motion to Strike DN 43 is denied.

With respect to DN 44, Defendants' Motion for Leave to File a Brief in Support of Defendants' Motion to Dismiss outside of the Authorized Time Period, Plaintiff argues that the certificate of service is defective pursuant to General Order 16-03(4)(i). (Mem. Supp. Mot. Strike [DN 46-1] at 3.) Despite this slight procedural infirmity, the Court addressed the merits above and denied the Motion for Leave. As such, Plaintiff's Motion to Strike DN 44 is denied. However, because the Court has denied Defendants' Motion for Leave, the Court will strike DN 45, Defendant's Reply Brief in Support of Defendants' Motion to Dismiss, as it is now immaterial to this action.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 35] is **DENIED**, Defendant's Motion for Leave [DN 44] is **DENIED**, and Plaintiff's Motion to Strike [DN 46] is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of the Court is **DIRECTED** to **STRIKE** DNs 39 through 42 and 45.

*Joseph H. McKinley, Jr., signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 27, 2016

cc: counsel of record