UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-590-JHM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,			Plaintiff,

v.

INDI'S FAST FOOD RESTAURANT, INC., et al.,			Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are three motions for extensions of time filed by Defendants Indi's Fast Food Restaurant, Inc. ("Indi's") and Evanczyk Brothers, LLC ("Evanczyk Brothers") (collectively, "Defendants"). In the first two motions (DN 61, 66), Defendants seek leave to file u responses to written discovery requests served by Plaintiff Equal Opportunity Employment Commission (the "EEOC"). In the third motion, Indi's seeks leave to file out of time an answer to the EEOC's second amended complaint. (DN 72 (motion for extension); DN 29 (second amended complaint).)

## BACKGROUND

### A. Defendants' First Motion for Extension (DN 61)

First, Defendants filed a motion on January 31, 2017, the date set by the Court for completion of written discovery (*see* DN 12), seeking leave of Court to serve untimely responses to requests for admission and a single interrogatory served by the EEOC. According to Defendants, on December 20, 2016, EEOC served discovery requests consisting of Requests for Admission Nos. 1-23 and Interrogatory No. 8, and on December 30, 2016, the EEOC served

discovery requests consisting of Requests for Admission Nos. 24-43 and Interrogatory No. 9.[1] (DN 61 at 1-2.)

Defense counsel states that on January 27, 2017, counsel for the EEOC requested an extension of time from January 30, 2017 to February 3, 2017 to respond to Defendants' first set of discovery requests, and that defense counsel agreed to that request. (*Id.* at 2.) Defendants further state that defense counsel requested an extension until February 1, 2017 to respond to all discovery served by the EEOC on December 20 and 30, 2016. (*Id.*) According to Defendants, the EEOC's attorney responded that she agreed to an extension as to the discovery requests served on December 30, 2016, but that she could not agree to extend the response deadline for the requests served on December 20, 2016 because the deadline to respond had already passed. (*Id.*)

Defendants contend that the December 30 discovery requests were, in reality, a supplement to the December 20 discovery requests, and that they believed they had until January 30, 2017 to respond to *all* of those requests.[2] (*Id.*) Finally, Defendants argue that "a substantial amount" of the requests for admissions served by the EEOC on both December dates required information that the EEOC also requested separately from Evanczyk and that Evanczyk was not required to respond to the discovery requests directed to it until January 30, 2017. (*Id.* at 2-3.)

On January 31, 2017, the same date on which Defendants filed the first motion for extension (DN 61), they also filed in the record the following discovery requests: (1) Evanczyk's

---

[1]  Defendants further state that on December 20 and 30, 2016, EEOC served on Evanczyk Brothers two identical sets of requests for production of documents.

[2]  Defendants also assert that the late-December 2016 discovery requests are the only discovery requests served by the EEOC that the EEOC has not filed in the record. This is untrue. Based on a review of the record, the Court finds that while Defendants have filed their discovery requests and responses in the record, EEOC has not done so *at any time* in this litigation. The parties are not required to file discovery requests or responses.

responses to EEOC's first set of requests for production (DN 59 (covering Request Nos. 1-13)); (2) Defendants' responses to EEOC's requests for admission and interrogatory (DN 60 (covering Requests for Admission Nos. 1-23 and Interrogatory No. 8)); and (3) Indi's fifth supplemental response to EEOC's first request for production (DN 62 (covering Request Nos. 9 and 14)).

The EEOC filed a response in opposition (DN 64) to the first motion for extension. The EEOC contends that Defendants were required to respond to the discovery requests served on December 20, 2016 no later than January 19, 2017, and that Defendants were required to respond to the discovery requests served on December 30, 2016 no later than February 1, 2017. (*Id.* at 1.) The EEOC argues that Defendants failed to timely respond to either set of discovery requests, having filed their responses to the December 20 discovery requests on January 31, 2017 and not having responded to the December 30 discovery requests as of February 7, 2017, the date on which the EEOC filed its response. (*Id.* at 1-2.)

The EEOC asks the Court to deem admitted all of the requests for admission discussed above (Requests for Admission Nos. 1-43) pursuant to Rule 36(b) of the Federal Rules of Civil Procedure. (*Id.* at 2.) The EEOC argues that Defendants' arguments that the second set of discovery requests was merely a supplement to the first, and that both sets then acquired a deadline of January 30, 2017, are nonsensical. (*Id.* at 3.) The EEOC's position is that Defendants and their counsel have demonstrated an unwillingness or inability to adhere to Court-imposed deadlines and that they have not shown that they failed to meet the discovery deadlines sufficient to satisfy the excusable neglect standard set forth in Rule 6(b) of the Federal Rules of Civil Procedure. (*Id.* at 2-3.) For those reasons, The EEOC argues that the first motion for extension should be denied.

**B. Defendants' Second Motion for Extension (DN 66)**

On February 13, 2017, Defendants filed a second motion for extension (DN 66), this time asking the Court to accept as timely their responses to EEOC's December 30, 2016 requests for admission and interrogatory, which they also filed on February 13. (*See* DN 65 (responding to Requests for Admission Nos. 24-43 and Interrogatory No. 9).) Defendants state that their counsel intended to file responses to the December 30 discovery requests at the same time that it filed other responses on January 31, 2017, but that counsel "was unable to do so because [he] was uncertain as to the answers to Admissions No. 42 and 43" because counsel "was not able to verify th[e] representation of his client as to certain dates of employment." (DN 66 at 2.) Defendants further state that on February 1, 2017, defense counsel left for vacation and was not able to review the EEOC's response to Defendants' first motion for extension. (*Id.*) Defendants appear to state that when their counsel was able to review that EEOC's response at some unstated time, counsel contacted his client's accountant and obtained the employment information requested by the EEOC, which allowed Defendants to file the responses (DN 65) on February 13, 2017. (*Id.*)

The EEOC did not file a response to Defendants' second motion for extension. Failure to timely respond to a motion may be grounds for granting the motion. LR 7.1(c).

**C. Indi's Motion for Extension of Time to File Answer (DN 72)**

On March 1, 2017, Indi's filed a third motion for extension (DN 72). In that motion, Indi's seeks permission to file out of time an answer to EEOC's second amended complaint. Indi's states that EEOC's counsel contacted Indi's counsel and inquired as to why Indi's had not filed an answer to the second amended complaint. Indi's states as follows:

> "To be very honest with the Court counsel for [Indi's] believed the sole purpose of the Second Amended Complaint was to bring [Evanczyk Brothers] before the Court as a party Defendant as [Indi's] had already responded to the averments of the original Complaint and the Second Amended Complaint presented no new charges or claims against [] Indi's which had not already been denied by [] Indi's original Answer."

(DN 72 at 1.) Indi's concludes by stating that "in the event the Court determines that an Answer by [] Indi's[] to the Second Amended Complaint is either necessary or required, [] Indi's[] seeks permission to file its Answer outside the authorized time for responding." (*Id.* at 2.) EEOC has not responded to the motion.

## DISCUSSION

### A. Discovery-Related Motions for Extension

A party responding to a request for admission must respond within 30 days. Fed. R. Civ. P. 36(a)(3). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.*

Similarly, a party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2); *see also* Fed. R. Civ. P. 34(b)(2)(A) (setting 30-day timeframe for responses to requests for production). For interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Duracore Pty. Ltd. v. Applied Concrete Tech., Inc.*, 2015 WL 4750936 *6 (W.D. Ky. Aug. 11, 2015) (noting that failure to timely object to request for production results in waiver of any objections).

The first set of requests for admission and single interrogatory were served on Defendants on December 20, 2016. The Court finds that, absent an extension of time, Defendants were required to respond to that set of discovery requests no later than January 19, 2017. Defendants responded to the December 20 discovery requests on January 31, 2017 (DN 60), twelve days after the deadline had passed. The second set of requests for admission and single interrogatory were served on Defendants on December 30, 2016. The Court finds that, absent an extension of time, Defendants were required to respond to that set of discovery requests no later than January 30, 2017. Defendants responded to the December 30 discovery requests on February 13, 2017 (DN 65), fourteen days after the deadline had passed. Defendants admitted all of the requests for admissions and did not assert any objections to the two interrogatories.

The EEOC asks the Court to apply the Rule 6(b) "excusable neglect" standard in this instance due to Defendants' failure to request an extension until after the deadlines had passed for their responses to the discovery requests. Rule 6(b) of the Federal Rules of Civil Procedure provides as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It is within the Court's discretion to determine whether a party failed to act because of excusable neglect. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citation omitted).

The Sixth Circuit has set forth five factors to be balanced by the district court in making a determination as to excusable neglect pursuant to Rule 6(b)(1)(B). The five factors are as follows: "(i) the danger of prejudice to the nonmoving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the moving party; and (v) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In applying the five-factor balancing test, the district court is required to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 523 (quoting *Pioneer*, 507 U.S. at 395).

The Court will apply the five-factor excusable neglect standard, albeit addressing the factors in a different order. Looking to Factors 3, 4, and 5, the Court finds that the reason for the delay was firmly within the control of Defendants and their counsel. Defense counsel offers half-hearted excuses for his delays in serving responses to the December 20 and December 30 discovery requests. The Court expressly rejects Defendants' argument that counsel reasonably believed that the second set of discovery requests was a supplement to the first set, and that therefore, a later deadline attached to both sets. This position is unreasonable and not grounded in the Federal Rules. Moreover, Defendants did not even meet the purported all-encompassing deadline of January 30, serving responses to the December 20 discovery requests on January 31, and to the December 30 discovery requests on February 13.

Additionally, Defendants' assertions regarding the untimely completion of responses to the December 30 discovery requests defy credulity. The Federal Rules of Civil Procedure are no less applicable in the event that -- as defense counsel claims -- counsel is (1) uncertain about the

7

correct responses to discovery requests; (2) unable to verify information with his client; or (3) on vacation at the time the opposing party serves its own discovery responses. Defendants' argument that the December discovery requests overlapped with the requests served on Evanczyk also fails. Defendants were free to assert objections to any of the discovery requests served by the EEOC. *See* Fed. R. Civ. P. 33(b)(2)-(4); Fed. R. Civ. P. 36(a)(3)-(6). Failure to respond is impermissible. Defense counsel has flouted the Federal Rules and the authority of this Court by failing to adhere to the deadlines applicable to his clients. Such conduct is indicative of acting in bad faith. Accordingly, the Court concludes that the third, fourth, and fifth factors of the excusable neglect balancing test weigh in favor of the EEOC.

The Court now looks to Factors 1 and 2. First, the Court finds that there is little or no danger of prejudice to the EEOC. Defendants' responses to the December 20 and December 30 discovery requests have been served and are in the record. Moreover, Defendants have admitted *every request for admission* posed by the EEOC in both sets of discovery requests, and they have answered, without objection, the two interrogatories posed therein. Accordingly, the consequences of denying the motions for extension and granting the motions for extension are identical: (1) if the motions are denied, the requests for admission will be deemed admitted and any objections to the interrogatories will be deemed waived; and (2) if the motions are granted, the responses, which admit everything asked by the EEOC and do not contain objections to the interrogatories, will be deemed timely. In either case, the EEOC achieves its desired result and is not prejudiced. One might presume that this is why the EEOC did not respond to Defendants' second motion for extension.

Finally, as to Factor 2, the deadline for completion of discovery was January 31, 2017. Defendants served the responses at issue on January 30 and February 13. The length of delay is insignificant. Accordingly, the Court finds that the first and second factors in the five-factor excusable neglect balancing test weigh in favor of Defendants.

Based on the foregoing, three of the five factors in the excusable neglect balancing test weigh in favor of the EEOC. However, *under the particular circumstances presented here*, the Court finds that the two factors weighing in favor of Defendants are more significant. Granting Defendants' motions for extension and deeming the two sets of discovery responses timely will ensure a more complete record. The Court finds that this is result is preferable, particularly in light of the Court's finding that the EEOC has not been prejudiced by the untimeliness of Defendants' responses. Finally, Defendants and their attorney are reminded *once again* of their obligation to adhere to the deadlines and other requirements set forth in the Federal Rules and the orders of this Court.

### B. Motion for Extension of Time to File Answer

The EEOC filed its second amended complaint -- with leave of Court -- on September 6, 2016. (*See* DN 28, 29.) With the second amended complaint, the EEOC added Evanczyk Brothers as a second defendant on a theory that Defendants operate together as an "integrated enterprise" or "single employer." (*See* DN 24-2.) On September 29, 2016, Defendants jointly filed a motion to dismiss (DN 35) the second amended complaint. On December 28, 2016, Chief Judge Joseph H. McKinley, Jr. denied the motion to dismiss (DN 56). Defendants' answer to the second amended complaint was due no later than January 18, 2017. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On January 4, 2017, Evanczyk Brothers filed an answer to the second amended

complaint (DN 58). Indi's did not join in that answer or otherwise answer the second amended complaint. Indi's now asks for permission to file an answer to the second amended complaint. Indi's filed the motion for extension on March 1, 2017, well over one month after the deadline for it to file an answer. Indi's also filed a proposed answer (DN 71.)

EEOC did not file a response. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting a motion."). Defense counsel states that a call from EEOC's counsel inquiring as to why Indi's had not answered the second amended complaint actually prompted him to file the motion for extension. Based on the foregoing, the Court concludes that EEOC does not oppose the motion for extension. The Court will permit Indi's to file its answer out of time. Once again, however, the Court is compelled to remind counsel for Defendants that *it is critical to comply with deadlines set forth in Court orders, in the Federal Rules of Civil Procedure, and in the Local Rules*. In this case, Defense counsel has failed to comply with orders of this Court and applicable procedural rules for a wide variety of reasons, including, but not limited to, inadvertence, mistake, and misunderstanding of the law. This must end.

Accordingly, IT IS HEREBY ORDERED that Defendants' motions for extension of time (DN 61, DN 66, and DN 72) are **GRANTED**.

IT IS FURTHER ORDERED that the responses to the December 20 and 30, 2017 discovery requests (DN 60, 65) and Indi's answer to the second amended complaint (DN 71) are DEEMED TIMELY.

cc: Counsel of record