IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 3:15-cv-590-JHM |
| v. | ) ) ) | |
| INDI'S FAST FOOD RESTAURANT, INC., EVANCZYK BROTHERS, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## CONSENT DECREE

### RECITALS

The Equal Employment Opportunity Commission ("EEOC"), an agency of the United States of America, alleges that Defendants, Indi's Fast Food Restaurant, Inc., and Evanczyk Brothers, LLC (collectively "Indi's") engaged in unlawful discrimination by subjecting Charging Party Rickesha Jones, and other female employees of Indi's to sexual harassment, including but not limited to unwelcome sexual advances and physical touching, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

The Parties, desiring to settle this action by an appropriate Consent Decree agree to the power of this Court to enter a Consent Decree enforceable against Defendants. The Parties further agree that this Consent Decree fairly resolves the issues alleged by EEOC and constitutes a complete resolution of all EEOC claims of

unlawful employment practices that were made against Defendants in the EEOC's Second Amended Complaint.

It is therefore the finding of this Court, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 52 below.

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## JURISDICTION

1. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

2. The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

## DEFINITIONS

3. **Complaint of Sex Discrimination, Sexual Harassment, or Retaliation**: A complaint of sex discrimination, sexual harassment, or retaliation shall be any oral or written complaint, protest, statement of concern, or description that comes to the attention of a supervisor or manager of Defendants and makes allegations that may be construed by any reasonable supervisor or manager as an allegation of sex discrimination, harassment, or retaliation, regardless of whether

the employee expressly uses the terms "sexual," "discrimination," "harassment," or "retaliation."

4. **EEO**: The term "EEO" shall refer to the phrase "equal employment opportunity."

5. **Effective Date**: The Effective Date of this Decree is the date on which the Court gives final approval to the Decree.

6. **Parties**: The Parties are the Plaintiff EEOC and Defendants Indi's Fast Food Restaurant, Inc., and Evanczyk Brothers, LLC.

7. **Claimant**: Charging Party Rickehsa Jones and any other member of the group of women on whose behalf the EEOC has sought relief in this lawsuit.

8. **Consultant**: A private vendor with Human Resources expertise in the area of drafting EEO policies and providing EEO training for companies, and who has no other contractual or employment relationship with Defendants.

## **TERM, SCOPE AND ISSUES RESOLVED**

9. Duration of this Decree shall be five (5) years from the date of entry by the Court.

10. This Decree shall apply to the seven[1] Indi's Fast Food Restaurants in Kentucky and Indiana owned and operated by Murchison Thomas and/or Alex Evanczyk, and shall include all supervisors, managers and other individuals with responsibility over such facilities, including but not limited to: Murchison Thomas,

---

[1] The seven restaurants are: Third Street, Broadway, Cane Run Road, Fern Valley Road, Poplar Level Road, Lexington, Kentucky and Jeffersonville, Indiana.

Alex Evanczyk, Antoine Bhoolai, Muhammad Russell, Janice Bhoolai, Anne Lutchman, Sharma Sookal and Shaun Sookal.

11. Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of this Decree. Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

12. Any individual charges of discrimination which were not identified in EEOC's Second Amended Complaint and any individual charges filed with EEOC or the State equivalent after the effective date of this Decree, based on conduct alleged to have occurred prior to the effective date of this Decree, will be processed by EEOC in accordance with its standard procedures.

## MONETARY RELIEF

13. Defendants shall pay a total of three hundred forty thousand dollars ($340,000.00) to the Claimants, or their heirs and assigns, as identified by EEOC in amounts to be determined solely by the EEOC.

14. Payments to Claimants shall be for compensatory and punitive damages only and shall be reported on IRS Form 1099 by Defendants and shall not be subject to withholdings.

15. Within fifteen (15) days from the entry of this Decree, EEOC will provide Defendants with a final distribution list identifying each Claimant to receive payment. The final distribution list will provide the name, address, and

payment amounts of compensatory and punitive damages for each person to receive payment.

16. Within forty (45) business days of the EEOC providing the final distribution list, Defendants shall mail settlement checks to the Claimants via certified mail to the addresses to be provided by the EEOC. Payments to each Claimant shall be in the amounts specified in the distribution list.

17. Within ten (10) business days after payments are mailed to Claimants, Defendants shall submit a copy of the checks issued and proof of delivery (a signed certified mail receipt) to the EEOC in care of the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204. A copy shall also be e-mailed to EEOC counsel Aimee L. McFerren at aimee.mcferren@eeoc.gov and monitoring-EEOC-INDO@eeoc.gov.

18. If any Claimant who is identified to receive an award has a check returned as undeliverable, Defendants shall immediately notify the EEOC and the EEOC will make all reasonable efforts to locate such person. If such person cannot be located, any award for such person shall be donated to the Center for Women and Families, 927 South 2nd Street, Louisville, Kentucky 40201, upon written direction to Defendants, by the EEOC.

**OTHER INDIVIDUAL RELIEF**

19. Should any prospective employer request a reference for any of the Claimants in this litigation, Defendants shall provide a reference that states only

5

the dates of employment, position(s), and final salary and shall not mention this lawsuit or the events surrounding this lawsuit.

20. Defendants shall include a letter of apology to each Claimant on company letterhead with each payment check. The content of the apology letter shall be as described in attached Exhibit A.

## EQUITABLE RELIEF

### Injunctive Relief

21. Defendants, their officers, agents, successors, and other persons in active concert or participation with the Defendants in their business operations, shall be permanently enjoined from engaging in any employment practice which discriminates on the basis of sex, including but not limited to sexual harassment.

22. Defendants, their officers, agents, successors, and other persons in active concert or participation with the Defendants in their business operations, shall be permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination against the Defendants; because such person files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII.

Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons identified as a witness or possible witness of discrimination in future investigations or proceedings.

**Dissemination of Decree**

23. Within ten (10) business days of entry of this Consent Decree, Defendants shall provide a copy of this Decree to all managers, supervisors, officers, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any individual or entity retained to perform work required under this Consent Decree.

24. Within ten (10) business days of entry of this Consent Decree, Defendants shall provide a copy of this Consent Decree to Angela Tutt, Community Transitional Services - Successful Living, 1146 S. 15th Street, Louisville, Kentucky 40203.

25. Within ten (10) business days of entry of this Consent Decree, Defendants shall provide a copy of this Consent Decree to Sarah Weidner, Dismas Charities, Inc., 2500 S. Seventh Street, Louisville, Kentucky 40208.

**EEO Policy Review and Revision**

26. Within thirty (30) days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of

employment discrimination law, revise and/or create EEO policies and procedures to ensure compliance with the law.

27. Defendants' revised or newly created EEO policies must be written in clear, simple words, and include, at a minimum:

a. A statement that the business owner(s), supervisors, and managers have a duty to actively monitor the work environment to ensure that it is free of discrimination, harassment, or retaliation;

b. An easy-to-understand description of prohibited conduct, including examples;

c. Clear assurance that employees who make complaints or provide information related to complaints, witnesses, and others who participate in the investigation will be protected against retaliation from co-workers, supervisors and managers;

d. A description of a reporting system - available to employees who experience harassment as well as those who observe harassment - that provides multiple avenues to report, in a manner easily accessible to employees and a prompt, thorough, and impartial investigation;

e. The identification of at least three (3) specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation, as well as designation and broad dissemination of a 24-hour, 7 days a week toll-free number for an identified independent individual who will receive and investigate reports of harassment;

f. A statement that the identity of an individual who submits a report, a witness who provides information regarding a report, and the target of the complaint, will be kept confidential to the extent possible consistent with a thorough and impartial investigation;

g. An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination and who will commit all findings of any results of each investigation to a written report to be retained in a designated file with all other information obtained in the course of the investigation;

h. A clear instruction that managers and supervisors must document and report any harassment that is reported to them, whether orally or in writing or anonymous, or that they observe, or that they otherwise learn of through informal channels;

i. A statement that any employee who retaliates against any individual who submits a report or provides information regarding a report will be disciplined appropriately;

j. Assurance that the employer will take immediate and proportionate corrective action when it determines that harassment has occurred, and respond appropriately to behavior which may not be legally-actionable "harassment" but which, left unchecked, may lead to same.

28. Within sixty (60) of entry of the Decree, all revised and/or newly created written EEO policies shall be posted in a prominent location frequented by employees at Defendants' Kentucky and Indiana facilities and distributed to all current employees and supervisors and managers in writing. The policies shall be distributed in writing to all new employees within five (5) days of being hired at any of Defendants' facilities. Defendants shall retain written proof in the form of signed acknowledgment forms that employees, supervisors and managers received and read the policies.

**Creation of Recordkeeping Policies and Procedures**

29. Within thirty (30) days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law, create policies and procedures to assure all employment records are maintained as required by Section 709(c) of Title VII, 42 U.S.C. Section 2000e-8(c) and 29 C.F.R. 1602.14.

30. Within thirty (30) days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law, create policies and record keeping procedures that provide that all information obtained regarding medical condition, medical history, or medical leave of an employee or applicant is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record, and not co-mingled with other personnel records.

31. Within thirty (30) days of the entry of this Decree, the Defendants shall, in consultation with the outside consultant experienced in the area of employment discrimination law, create policies and procedures regarding the creation and maintenance of records specifically relating to complaints of sexual harassment and/or retaliation, including all verbal or written complaints and investigations of the same.

32. Defendants will organize a secure file cabinet located in each restaurant for storing all documents as required by Paragraphs 29, 30 and 31 of this Decree throughout the term of this Consent Decree. At any time during the duration of this Decree, the EEOC may request the opportunity to review all or a specific portion of these records. Within one (1) week of any such request, Defendants shall make the requested records available to the EEOC.

**Training**

33. Defendants shall provide to all owners, supervisors, and managers, no less than four (4) hours of the following live training:

a. training regarding discrimination made unlawful by Title VII, with particular focus on defining sexual harassment and retaliation, company policies prohibiting such conduct, the penalties for engaging in such conduct, the duty to monitor the work environment to ensure such conduct is not occurring, the duty to report complaints or observations of such conduct to designated personnel, the penalties for not reporting such conduct, and the content and requirements of this Consent Decree;

11

b. training regarding exercising reasonable care when receiving complaints of harassment or discrimination, conducting investigations of harassment and discrimination, and formulating prompt and effective preventive and corrective action in response to harassment and discrimination.

34. The training in Paragraph 33 shall be provided at Defendants' expense by an outside consultant experienced in the area of employment discrimination law within thirty (30) days of entry of this Consent Decree, annually thereafter for the duration of this Consent Decree, and within fourteen (14) days of the first day of work for all new supervisors and managers hired after the initial training session. Fee-based training is available through the EEOC.

35. Defendants shall provide all non-supervisory employees with no less than one (1) hour of live training regarding Defendants' obligations under Title VII; Defendants' policies prohibiting harassment, discrimination and retaliation made unlawful by Title VII; the content and requirements of this Consent Decree; and any related complaint procedures. This training shall place a particular emphasis on sexual harassment, including, but not limited to, defining sexual harassment, maintaining a harassment-free workplace, and the laws prohibiting unlawful retaliation.

36. The training in Paragraph 35 shall be provided at Defendants' expense by an outside consultant experienced in the area of employment discrimination law within thirty (30) days of entry of this Consent Decree, annually thereafter for the duration of this Consent Decree, and within fourteen (14) days of the first day of

work for all new non-supervisory employees hired after the initial training session. Fee-based training is available through the EEOC.

**Notice Posting**

37. Within five (5) business days after the Court's entry of this Decree, Defendants shall post in each of its facilities in Kentucky and Indiana, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy.

**Stephen Bhoolai Ineligible for Rehire**

38. Defendants agree that as of the date of entry of this Decree, Stephen Bhoolai is not an employee of Defendants. Defendants shall not re-hire Stephen Bhoolai or otherwise retain him to perform any work at any location as an employee, consultant, independent contractor, volunteer, or in any other capacity. This provision shall survive the expiration of the Decree.

## MONITORING PROVISIONS

39. The EEOC, its agents and employees shall in their discretion have the legal authority to enter any facility owned or operated by either Defendant, with prior notice to Defendants and their counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Consent Decree.

40. Such inspections may, at the discretion of the EEOC, include: access to any and all documents for the purposes of inspection and duplication; interview or

depositions of any person; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or the EEOC's regulations.

41. The EEOC shall also have the legal authority to require appearance and testimony of Defendants' personnel (at reasonable times and locations) at interviews or depositions and production of relevant documents to ensure compliance with Title VII and any of the terms of this Consent Decree.

## INITIAL AND ANNUAL REPORTING

42. Within thirty (30) days of compliance with Paragraphs 20, 23-37, Defendants shall provide written certification of compliance to EEOC counsel Aimee L. McFerren, 600 Dr. Martin Luther King, Jr. Place, Suite 268, Louisville, Kentucky 40202, and submit an electronic copy of the same to: monitoring-EEOC-INDO@eeoc.gov.

The certification as to the training provisions shall include the identity of the person or persons leading the training, and a list of the names, job titles and work locations of all attendees for each training session and copies of any written materials provided to attendees.

43. Defendants shall provide annual reports for each anniversary period following the entry of this Decree, due thirty (30) business days following the respective anniversary period, except the final report which shall be submitted to the EEOC forty-five (45) days prior to the date of which this Decree is to expire, describing the status of compliance with the ongoing posting and training

requirements of this Decree. These annual reports shall be sent to EEOC counsel Aimee L. McFerren, 600 Dr. Martin Luther King, Jr. Place, Suite 268, Louisville, Kentucky 40202, with an electronic copy submitted to monitoring-EEOC-INDO@eeoc.gov.

**RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

44. This Consent Decree shall be binding on Defendants and any successors-in-interest, as defined by Sixth Circuit case law on successor liability. To the extent that the Sixth Circuit standard of successor liability applies, no transfer of ownership or operation of Defendants' business shall relieve Defendants of their obligation to ensure that the terms of this Decree are implemented.

45. Should transfer of ownership or operation of Defendants' businesses occur, at least thirty (30) days prior to such transfer, Defendants shall notify the EEOC in writing of the prospective transfer, and provide a copy of the proposed written agreement. Any transfer of ownership or operation of the business without providing the EEOC with advance notice as specified in this paragraph constitutes a violation of this Decree.

46. This Court shall retain jurisdiction to enforce this Consent Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions, injunctive relief and determination of successor liability.

47. The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendants have not complied with this Decree, appropriate

relief, including monetary sanctions and/or extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

48. If the EEOC moves to enforce the Decree, and the Court determines that Defendants have not complied with this Decree and orders relief, Defendants shall pay the EEOC's costs and attorney's fees.

49. Prior to initiating an action to enforce the Decree, EEOC will provide written notice to Defendants of the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a request for documents or information relevant to the dispute. Within thirty (30) business days after service of the Notice of Dispute, Defendants will provide the EEOC a written response and provide the requested documents or information. If the dispute has not been resolved within sixty (60) days after service of the Notice of Dispute, an action to enforce the Decree may be brought in this Court. The provisions of this section do not prevent the EEOC from bringing an issue before the Court when the facts and circumstances require immediate Court action. EEOC's moving papers shall explain the facts and circumstances that necessitate immediate Court action.

50. It is acknowledged that monetary relief agreed to in settlement of damages, set forth herein, constitutes a debt owed to and collectible by the United States.

## EEOC AUTHORITY

51. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the EEOC to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## COSTS AND ATTORNEY'S FEES

52. Except as noted in Paragraph 48 above, each party shall be responsible for and shall pay its own costs and attorney's fees.

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

January 4, 2018

Copies to:

| | |
|---|---|
| Aimee L. McFerren<br>Equal Employment Opportunity Commission<br>600 Dr. Martin Luther King, Jr. Place, Suite 268<br>Louisville, KY 40202 | Dennis M. Clare<br>745 W. Main St.<br>Suite 250<br>Louisville, KY 40202 |
| Counsel for Plaintiff | Counsel for Defendant |

# EXHIBIT A - Letter of Apology

Re: C.A. No. 3:15-cv-590; *Equal Employment Opportunity Commission v. Indi's Fast Food Restaurant, Inc.;* filed in the U.S. District Court for the Western District of Kentucky, Louisville Division.

Dear -----:

On behalf of Indi's Fast Food Restaurant, Inc., I wish to express my sincere regret for the offensive and hostile conduct you suffered while employed at Indi's.

Sincerely,

_____
Murchison Thomas
Owner, Indi's Fast Food Restaurant

# EXHIBIT B - NOTICE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Indianapolis District Office

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
Indianapolis Direct Dial: (317) 226-5669

## THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE ENTERED INTO BETWEEN THE EEOC AND INDI'S REGARDING SEXUAL HARASSMENT IN THE WORKPLACE

Harassment is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964. It is unlawful to harass a person (an applicant or employee) because of that person's sex. Harassment can include "sexual harassment" or unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature. The harasser can be the victim's supervisor, a supervisor from another location, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

Indi's will not tolerate any form of sexual harassment or sex discrimination. An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact the Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination. Visit www.eeoc.gov for more information.

In compliance with federal law, no official or supervisor at Indi's will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its sate counterpart.

SIGNED this _____ day of _____, 2018

_____
Murchison Thomas, Owner

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone: (317) 226-7212 - TDD (317) 226-5162

This OFFICIAL NOTICE shall remain posted for five (5) years from date of signing.